**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.  Case No.  8:03-cr-77-T-30TBM

**SAMI AMIN AL-ARIAN,** *et al.*
_____

**ORDER**

     This cause came on for consideration upon Defendant Al-Arian's Motion to Dismiss Indictment for Utilization of Foreign Wiretap (Dkt. #889) and the Government's response thereto (Dkt. #901).  The Court held oral argument on Defendant Al-Arian's Motion during the hearing on March 3, 2005.  Counsel for Defendant explained that its Motion was based on a confidential source's report that agents for the United States relied on information obtained from an illegal Israeli Government wiretap conducted in another country to procure orders from the Foreign Intelligence Surveillance Court ("FISC") authorizing the electronic surveillance of Defendant Al-Arian.

     Having reviewed the applications submitted by the Government agents, pursuant to 50 U.S.C. § 1804, seeking an order from the FISC authorizing the electronic surveillance of Defendant Al-Arian, and having determined from this review that the information attributed

to the Isreali Government is limited solely to the operations of the Palestinian Islamic Jihad in the Middle East, this Court finds that Defendant Al-Arian's Motion should be DENIED.[1]

**DONE** and **ORDERED** in Tampa, Florida on April 19, 2005.

                                                                         /s/ James S. Moody, Jr.
                                                                         JAMES S. MOODY, JR.
                                                                         UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

S:\Odd\2003\03-cr-77  Al-Arian\Motn Dismiss Foreign Wiretap.wpd

---

[1] This Court notes that some of the information identified in the applications for FISA wiretaps of Defendant Al-Arian could not be traced to a particular source. Information that would not have come from an Israeli wiretap, however, was sufficient to support the FISC's probable cause determinations and its issuance of orders authorizing the FISA surveillance.