**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**                                                                                          **Case No. 8:03-CR-77-T-30TBM**

**SAMI AMIN AL-ARIAN,**

      **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on the **Motion to Withdraw as Counsel Under Seal and Ex Parte** (Doc. S-31) filed by William B. Moffitt, Esq., the **Motion of Media General Operations, Inc. for Leave to Intervene, to Unseal Motions, for Access to Scheduled Ex Parte Hearing** (Doc. 1510); and the **Motion of Times Publishing Company for Leave to Intervene and Joinder in the Motion of Media General Operations, Inc.** (Doc. 1511).  A hearing on these motions was conducted on January 27, 2006.

By their motions, Media General Operations, Inc., d/b/a The Tampa Tribune, (hereinafter the "Tribune"), and Times Publishing Company (hereinafter the "Times"), move for leave to intervene in this case for the limited purposes of unsealing counsels' Motions to Withdraw (Docs. S-31, S-32) and seeking access to the hearing on the same.  The press and public enjoy a qualified First Amendment right of access to criminal trial proceedings. United States v. Ochoa-Vasquez, 428 F.3d 1015, 1028 (11th Cir. 2005) (citing Globe Newspaper Co. v. Superior Court for the County of Norfolk, 457 U.S. 596, 603 (1982);

Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001)). Nonetheless, a court may restrict the right to access criminal proceedings and the documents filed in connection with the proceedings if the public and press are given notice and an opportunity to be heard on a proposed closure and the court articulates specific findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. Id. at 1030 (quoting Press-Enterprise Co. v. Superior Court of Cal., 464 U.S. 501, 510 (1984)); United States v. Valenti, 987 F.2d 708, 713 (11th Cir. 1993).

As noted at the hearing, the motions to intervene are GRANTED to the extent that the Tribune and the Times may seek to be heard on access to all matters related to the pending motions to withdraw. The motions (Docs. 1510, 1511) are DENIED, at present, to the extent that they seek the disclosure of the motions to withdraw and supporting exhibits and access to the *in camera* proceedings. As discussed at the hearing, this highly publicized case is again in the pretrial mode, and the court must weigh the public's right of access against the Defendant's right to a fair trial. Here, I conclude that certain matters urged in support of counsels' motions related to alleged conflicts, the financial aspect of the attorney-client relationship, and other matters addressed *in camera* could prejudice the Defendant at a second trial should they be made public. In these circumstances, I conclude that the Defendant's interest in a fair trial outweighs the public's right to this information.

As for Mr. Moffitt's motion to withdraw (S-31), it is demonstrated that the retainer agreement between the Defendant and counsel only contemplated counsel's participation through a single trial, regardless of outcome. While counsel was compensated for his work, the amount paid to Mr. Moffitt was not that which the agreement called for and an

outstanding balance for fees and costs exists.  Additionally, Mr. Moffitt contemplates undergoing certain medical procedures in the near future which could impact his availability for a retrial.  It is obvious to me that the lengthy and contentious first trial has strained relations between counsel and the Defendant, although I make no finding of an irreconcilable conflict.  In any event, the Defendant does not oppose the motion to withdraw and he claims that he is actively seeking to hire new counsel.  Accordingly, Mr. Moffitt's motion to withdraw (S-31) is GRANTED.  Counsel is relieved from further responsibility in this cause except as necessary to turn over all materials necessary for new counsel's adequate preparation for the retrial of this cause.

**Done and Ordered** in Tampa, Florida, this 3rd day of March 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record