**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                                           CASE NO: 8:03-CR-77-T-30TBM

SAMI AMIN AL-ARIAN
_____/

# ORDER

THIS CAUSE is before the Court upon Defendant Sami Amin Al-Arian's Motion to Enforce Plea Agreement (Dkt. #1652) and the Government's Response thereto (Dkt. #1659). The Court heard oral arguments on November 6, 2006.

Defendant's motion asserts that on October 19, 2006, Dr. Al-Arian was subpoenaed to appear before a grand jury in Alexandria, Virginia, to give testimony in an on-going investigation. Dr. Al-Arian declined to answer any questions contending that he was protected by his plea agreement from having to do so. Dr. Al-Arian's argument is that when he and his attorneys had negotiations with the Government to enter his guilty plea, it was made clear to the Government that he would not enter into a plea agreement requiring his cooperation. He argues further that, once he made it clear he would not cooperate, "the issue of cooperation was immediately taken off the table and never raised again."

First, cooperation is not the same as compelled testimony. Cooperation is the affirmative act of voluntarily coming forward with information useful to the Government in

prosecuting other individuals (generally in return for some benefit such as a lower sentence). Compelled testimony is involuntarily having to give information under the threat of contempt. Of course, one cannot be compelled to give testimony that would incriminate one's self unless the Government grants immunity from prosecution. So, Dr. Al-Arian's contention was that he would not have to "cooperate," even if true, would have nothing to do with whether he, like everyone else, could be compelled to testify pursuant to a grand jury subpoena.

Second, contrary to Dr. Al-Arian's contention, the plea agreement does not provide that he does not have to cooperate much less provide that he would never had to respond to a grand jury subpoena. The Court has never heard of the Government agreeing that someone would forever be protected from grand jury subpoena. It is incredible that such a novel provision would not be placed in the written agreement in clear and specific terms. And, the contention that "the issue of cooperation was immediately taken off the table and never raised again" is contrary to the wording of paragraph six on page eight of the agreement which provides that, if Dr. Al-Arian does cooperate, such cooperation would be brought to the attention of other prosecuting officers if requested.

Dr. Al-Arian's contentions are similar to those raised in In Re: Grand Jury Proceedings (Perdue), 819 F.2d 984 (11th Cir. 1987). Like Al-Arian, Perdue argued that his plea agreement protected him from having to respond to a grand jury subpoena. After observing that Perdue's written plea agreement did not contain any mention of future testimony, whether voluntary or compelled, the Eleventh Circuit ruled that Perdue must

respond to the grand jury subpoena. In <u>Perdue</u>, the Eleventh Circuit went on to hold that, if the words of the agreement are unambiguous, a court "cannot rewrite the agreement to include a bar on attempts by the Government to compel testimony . . .." <u>Perdue</u> at 987.

Like in <u>Perdue</u>, the plea agreement before this Court is clear and unambiguous. It contains no agreement that Al-Arian is granted immunity from future grand jury subpoena. And, it contains an "integration clause" stating that it contains all the agreements between the parties. At his guilty plea hearing, Magistrate Judge McCoun specifically asked Defendant Al-Arian and his counsel whether the Government had made any other promises, to which Al-Arian (while under oath) and counsel responded in the negative.

Therefore, the Court determines that the written plea agreement between the Government and Dr. Al-Arian does not prevent the Government from subpoenaing him to testify before a grand jury.

It is therefore ORDERED AND ADJUDGED that Defendant Sami Amin Al-Arian's Motion to Enforce Plea Agreement (Dkt. #1652) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on November 9, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2003\Al-Arian\Motion.Plea Ag 11-9-06.wpd