UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| UNITED STATES OF AMERICA, | ) | No. 8:03-cr-00077-CEH-JSS-1 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE |
| SAMI AMIN AL-ARIAN, | ) | |
| Defendant, | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE**

**TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY**

Sami Amin Al-Arian, by and through counsel, and pursuant to Federal Rule of Criminal Procedure 41(g), files a reply to the Government's response to his Motion for Return of Property. The grounds for this Motion are set forth below.

**I.    Because the Government may not hold seized property indefinitely without specifically demonstrating a need for it as evidence, the Government should return Mr. Al-Arian's property which it has held for over 13 years.**

The Government should immediately return the property it seized from Sami Al-Arian 13 years ago or, at least, within a short time frame, detail what it needs to keep and why. The Government seems to take the position in its supplemental response that it may hold property seized from Mr. Al-Arian indefinitely without showing any specific evidentiary need. While the Government can hold property for a reasonable period of time if it shows it has a continuing evidentiary interest in the property, it cannot hold even that property indefinitely without taking

1

any action on it. The Government concedes that—now that the criminal investigation into Mr. Al-Arian has ended—it bears the burden of showing its interest in retaining the property.

The Government's position is inconsistent with the law. As stated above, although the Government can retain property if it demonstrates a continuing need for the property as evidence, "even if the government has a continuing evidentiary interest, it may not hold the property for an unreasonable amount of time without taking some action with regard to the property." *In re Madison*, 687 F. Supp. 2d 103, 118 (E.D.N.Y. 2009); *see also Interstate Cigar Co. v. United States*, 928 F.2d 221 (7th Cir. 1991) (reversing denial of a Rule 41(g) (then Rule 41(e)) motion when property was held for over eighteen months without issuing an indictment or seeking forfeiture, and there was no indication that the movant was a target of the investigation); *In re Grand Jury Subpoena Duces Tecum (Roe & Roe, Inc.)*, 49 F. Supp. 2d 451, 454 (D. Md. 1999) ("[A]lthough the Government is clearly permitted to seize evidence for use in investigations and trial . . . the government may not by exercising its power to seize effect a de facto forfeiture by retaining the property seized indefinitely.") (internal quotations removed). In other words, it is contrary to the policy of Rule 41(g) for the Government to hold property *ad infinitum* with no explanation.

Here, forfeiture was not part of Mr. Al-Arian's sentence, and, as the Government concedes, he is not the target of a continuing investigation. And although some of Mr. Al-Arian's former codefendants remain indicted, the Government has not pursued its case against them. The Government has been in possession of the seized property for **13 years**.[1] After such a long period

---

[1] The Government also implies that Mr. Al-Arian's continued deprivation of property is not wrongful because "[t]he United States lawfully seized all of the items." Government's Response at 8. But this is misleading. Rule 41(g) states that "[a] person aggrieved by an unlawful search and seizure of property **or by the deprivation of property** may move for the property's return." (emphasis added); *see also United States v. Ganias*, 824 F.3d 199, 219 (2d Cir. 2016) ("Rule 41(g) permits a defendant or any 'person aggrieved' by either an unlawful or *lawful* deprivation of property to move for its return.") (internal citations removed) (emphasis in original).

of time, the Government can no longer continue to hold the property, especially without explanation.

This is particularly true here. Not only have 13 years passed since the original seizure, but the Government's claim that it is still pursuing potential prosecutions against Mr. Al-Arian's former co-defendants is dubious at best. For instance, Dr. Basheer Nafi, one of the people the Government claims to be pursuing, is not a shadowy figure hiding in a war torn region, but rather a well-known academic, who has resided in Great Britain and Turkey and contributes regularly to mainstream publications like Huffington Post Arabic, Middle East Monitor, Al Jazeera Centre for Studies, and Middle East Eye. Moreover, Dr. Nafi also has a twitter account with nearly 55,000 followers, which he regularly tweets from. Further, he appears to have worked as a Lecturer at Birkbeck College in England for at least 8 years after the 2003 indictment of Sami Al-Arian. *See* Cara Parks, *Arab Revolutions: From Tunisia to Egypt, Is this the Beginning of a Trend?*, THE WORLD POST (May 25, 2011, 1:02PM). The United States does not appear to have sought his extradition from either Turkey or Great Britain or to have filed a warrant with Interpol seeking to arrest him during his frequent academic travel.

Finally, the United States' request for additional time to translate and review the documents in this case is further proof that its use of the materials in future criminal proceedings is exceedingly unlikely. Under these circumstances, this Court should require the United States either to turn over the property immediately or to promptly set out a detailed justification for why the Government cannot turn over specifically identified materials.

**II. Because the property was seized from Mr. Al-Arian's personal office and Mr. Al-Arian was a board member of the Islamic Academy of Florida, Mr. Al-Arian has a possessory interest in the property, and the Government should return the items seized from the school immediately.**

Mr. Al-Arian has a possessory interest in the property seized from his personal office both individually and as the former director and chairman of the board of the Islamic Academy of Florida, which was reorganized as the American Youth Academy. The Government seems to take the position that Mr. Al-Arian does not have a possessory interest in the property seized from his private office at the school. This position neglects, however, that Rule 41(g) "nowhere speaks of an ownership interest; rather, by its plain terms, *it authorizes anyone aggrieved by a deprivation of property to seek its return.*" *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1174 (9th Cir. 2010) (emphasis added).

The case law does not support the Government's position. It's true that a defendant is entitled to the return of seized property under Federal Rule of Criminal Procedure 41(g) only if he has a "possessory interest" in the property. *United States v. Melquiades*, 394 F. App'x 578, 582 (11th Cir. 2010). But courts have recognized that a "possessory interest" is broader than an ownership interest and legal entitlement to property can exist when "the defendant . . . either: (1) [has] a proprietary or possessory interest in the place searched or the things seized or (2) [has] a reasonable expectation that the area in question will be free from governmental intrusion." *United States v. Hoey*, No. 09-200, 2011 U.S. Dist. LEXIS 11284, at *9 (W.D. Pa. 2011); *see also Comprehensive Drug Testing*, 621 F.3d at 1173 (Rule 41(g) "nowhere speaks of an ownership interest; rather, by its plain terms, it authorizes anyone aggrieved by a deprivation of property to seek its return."); BLACK'S LAW DICTIONARY 1203 (8th ed. 2004) (defining "possessory interest" as "[t]he present right to control property, including the right to exclude others, by a person who is not necessarily the owner."). In other words, a "possessory interest" under Rule 41(g) is broader

4

than an ownership interest and is connected with the Fourth Amendment concept of "a reasonable expectation of privacy."

Mr. Al-Arian had a reasonable expectation of privacy—and, thus, a "possessory interest" under the meaning of Rule 41(g)—in the property seized from his private office. *Mancusi v. DeForte*, 392 U.S. 364, 369 (1968); *United States v. Chaves*, 169 F.3d 687, 691 (11th Cir. 1999); *see also United States v. McCullough*, No. 1:11-CR-136-JEC/AJB-01, 2012 U.S. Dist. LEXIS 190427, at *23 (N.D. Ga. 2012) ("Generally, courts tend to find that [a reasonable expectation of privacy is] sufficiently established when the area searched is set aside for the defendant's exclusive use, such as an individual office."). In *Mancusi*, for instance, the Supreme Court found that a union official had a reasonable expectation of privacy in documents seized from his office, even though he shared the office with other people. *Mancusi*, 392 U.S. at 368. Similarly, in *Chaves*, the Eleventh Circuit held that a defendant has a reasonable expectation of privacy in a warehouse where he worked. *Chaves*, 169 F.3d at 690. He had the only key to the warehouse, and he kept both personal and business papers there. *Id.* In the same way, Mr. Al-Arian had a possessory interest in the items in his private office.

Here, the Government seized property from Mr. Al-Arian's private office at the Islamic Academy of Florida. The office contained many personal items. In fact, counsel for Mr. Al-Arian has already edited down the list of items seized from the school from 136 pages to 95 pages, deleting items not attributed to the school or to Mr. Al-Arian. Under these circumstances, the Government should promptly return the items seized from Mr. Al-Arian's office that he identified in his initial motion.

Mr. Al-Arian also has a possessory interest in the school property as a former board chairman and director of the Islamic Academy of Florida, which was reorganized as the American

Youth Academy. In *Comprehensive Drug Testing*, the government, as part of a doping investigation, seized the drug testing records and specimens of major league baseball players from a drug testing company. *Comprehensive Drug Testing, Inc.*, 621 F.3d at 1166. The Major League Baseball Players Association sought to have the records and specimens returned under Rule 41(g). *Id.* After three district courts independently granted the association's motion, the government appealed. *Id.* at 1166-67. The Ninth Circuit affirmed. After noting that Rule 41(g) did not require an ownership interest, the court explained its reasoning as follows: "Here, the Players Association is aggrieved by the seizure as the removal of the specimens and documents breaches its negotiated agreement for confidentiality, violates its members' privacy interests and interferes with the operation of its business." *Id.* In other words, the association was entitled to return of the records to vindicate the privacy interests **of its members**.

Similarly, the Court should order the Government to return the property for the school's sake. Contrary to the Government's assertion, the Islamic Academy of Florida has not closed. It still operates but was reorganized as the American Youth Academy. It is the defense's understanding that Mr. Al-Arian was the director and chairman of the board of the Islamic Academy of Florida. Noor Salhab is the current chairman of the board and was a board member at the time Mr. Al-Arian was there. Mr. Salhab is the person designated to pick up the items returned by the Government. Because the school is still in existence and has its own possessory interest in the seized materials, the Government should, for this additional reason, return the items listed in Mr. Al-Arian's initial motion.

WHEREFORE, Defendant Sami Al-Arian prays that this matter be quickly resolved, and his original property be returned to him in the manner originally agreed to by the parties, that the

Government be ordered to pay Mr. Al-Arian's costs and attorney fees in this action, and for such further relief to which he may show himself justly entitled.

DATED this 17th of November, 2016.

By: s/ *Charles D. Swift*
Charles D. Swift, Pro Hac Counsel for Sami Al-Arian
North Carolina Bar Number 21084
Constitutional Law Center for Muslims in America
833 E. Arapaho Rd., Suite 102
Richardson, TX  75081
Phone (972) 914-2507
Fax     (972) 692-7454
cswift@clcma.org

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE was electronically filed and served on the Court's electronic filing system:

DATED this 17th day of November, 2016.

By: s/ *Charles D. Swift*
Charles D. Swift,
Pro Hac Attorney for Sami Al-Arian
833 E. Arapaho Rd., Suite 102
Richardson, TX  75081